UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>ARISTIDES QUINONES )<br>　　　　　Defendant, )<br> )<br>*and* )<br> )<br>LILY TRANSPORTATION CORP. )<br>　　　　　Garnishee. ) | COURT NO. 3:07-CR-30034-001-MAP |

**APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**

Pursuant to 28 U.S.C. § 3205(b)(1)[1], the Federal Debt Collection Procedures Act, the United States of America (hereinafter "United States"), through its attorneys, United States Attorney Carmen M. Ortiz and Assistant United States Attorney Christopher R. Donato, hereby petitions the Clerk of the United States District Court to issue a Writ of Continuing Garnishment upon wages, which Lily Transportation Corp., located in Needham, MA is believed to disburse to the Defendant, Aristides Quinones (hereinafter "Quinones") to satisfy a judgment entered against Quinones.

---

[1] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment with the specified information with the Court. If the Court determines that the requirements are met, the Court shall issue the writ of garnishment. 28 U.S.C. § 3205(c)(1). Once the Court issues the writ of garnishment, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so. 28 U.S.C. § 3205(c)(3). Included with the service of the writ on the garnishee is an instruction explaining the requirement that the garnishee submit a written answer to the writ. 28 U.S.C. § 3205(c)(3)(A). Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and for obtaining a hearing on the objections. 28 U.S.C. § 3205(c)(3)(B). The garnishee shall answer the writ within 10 days of service. 28 U.S.C. § 3205(c)(2)(E). The defendant and the United States have 20 days after receipt of the answer to file an objection and request a hearing. 28 U.S.C. § 3205(c)(5). After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as practicable. 28 U.S.C. § 3205(c)(7).

In support, the United States says:

1. On March 18, 2008, a Judgment in a Criminal Case was entered in the United States District Court for the District of Massachusetts against Quinones, social security number \*\*\*-\*\*-4446, last known address in Springfield, MA.

2. Quinones is indebted for the judgment amount of $893,100.00. The current total balance is $729,981.62.

3. Pursuant to 28 U.S.C.§ 3205(b)(1)(B), the United States made demand for payment of the aforementioned debt upon not less than 30 days prior to the date of this Application, and Quinones has failed to satisfy the debt.

4. Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States Attorney General is responsible for enforcing restitution orders. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines is also available for the enforcement of restitution.

5. The United States believes the Garnishee, Lily Transportation Corp., disburses wages to Quinones, and that Quinones has a substantial nonexempt interest in such wages. This Writ of Continuing Garnishment is intended to compel the Garnishee to pay to the United States District Court a percentage of Quinones's nonexempt interest in said wages which are to be applied toward Quinones's restitution and/or fine debt.

WHEREFORE, the United States of America petitions the Clerk of the United States District Court to issue a Writ of Continuing Garnishment upon wages, which Lily Transportation Corp. is believed to disburse to Quinones, to satisfy the judgment entered against Quinones on March 18, 2008.

        Respectfully submitted,
        UNITED STATES OF AMERICA
        By its attorneys

        CARMEN M. ORTIZ
        United States Attorney

By:   /s/ Christopher R. Donato
       CHRISTOPHER R. DONATO
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3303

DATE: August 6, 2014

IT IS, on this 5th day of September 2014.

ALLOWED, that the Clerk of the Court shall issue the Writ of Continuing Garnishment.

_____
UNITED STATES DISTRICT COURT

3